Turley, J.
delivered the opinion of the court.
The prisoner was convicted of the offence of passing a counterfeit bank note, and upon appeal to this court, has assigned four causes for the reversal of the judgment of the court below.
1st. That the court erred in not quashing the second count in the bill of indictment. The objection to this count is, that it charges the prisoner with having fraudulently in his possession the counterfeit note with the intent to pass it, not using the word felonious, which it is contended is' necessary to make the count good. We do not think so. It is true, the first section of the act of 1829, ch. 23, makes all the offences thereafter enumerated (of which this is one) felonies; but the 33d section of the statute which created the offence for which this count is filed, does not require that it shall be committed with a felonious intent, but merely with a fraudulent one; the count then charges the offence in the words of the statute, and is good.*
*495 2nd. It is said, that there is no showing of record that the witnesses were sworn before examination. In the absence of proof to the contrary, this must be presumed in favor of a correct administration of justice.
3rd. It is said, that the proof does not support the verdict. We think otherwise. It shows that the note was fictitious, was passed by the prisoner, and that lie gave different'accounts as to the person from whom he received it, and he did not.attempt upon trial to explain.
4th. It is said, that the court erred in charging the jury, “that if the note was fictitious and prisoner knew it, and passed it in absolute payment of a debt, this would amount to a passing under the statute, although at the time of the payment, he might have agreed to take it back, if it should prove not to be genuine.
This charge we think was correct. The prisoner’s agreement to take back the note, is no justification of the offence of passing it; this the law would have compelled him to do without the agreement; his offence consisted in the knowledge that the note was spurious, and the question of knowledge is properly left’by the charge to the jury.
The judgment will, therefore, be affirmed.

See Peek vs. The Slate, ante, p. 78.